# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**WILLIAM GLEN DICKINSON, JR.**   :   **DOCKET NO. 6:21-CV-1941**

**VERSUS**   :   **JUDGE ROBERT R. SUMMERHAYS**

**ACADIA PARISH JAIL, ET AL**   :   **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM ORDER

Before the court is a Motion to Join the Lawsuit (rec. doc. 13), filed Acadia Parish pre-trial prisoner, Aaron Saporito, who is requesting to join the present suit filed by plaintiff Dickinson.

### I.   BACKGROUND

Plaintiff Dickinson filed the instant suit making several allegations, including alleging that inmates are not allowed outdoor recreation, inmates are locked in their cells for more than 12 hours per day, there is a shortage of mattresses, and the mattresses and pillows are not disinfected prior to issuance to inmates, and that the only book an inmate is allowed to receive in the mail is the Bible.  Plaintiff states that he wishes to file a class action against Acadia Parish, Louisiana, and seeks damages in the amount of 100 million dollars.

In his motion to join lawsuit, inmate Aaron Saporito stated that he wanted to join the lawsuit because he was housed in Acadia Parish Jail under the "same situations" as Dickinson. Rec. Doc. 13.

## II. LAW AND ANALYSIS

### A. Class Action

The pending motion to join the lawsuit, filed by an Acadia Parish pre-trial detainee in an attempt to pursue a class action, should be denied. "[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiffs must satisfy the following requirements: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997) (quoting Fed. R. Civ. P. 23(a)). Additionally, Plaintiffs must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id.*

Requests for class certification by a prisoner acting pro se are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 U.S. Dist. LEXIS 30604, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding pro se because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees"). Because Plaintiff has not met the requirements for class certification and fails to show that he can properly serve as a representative party in a class action, the undersigned denies the pending motion to join the lawsuit. According,

**IT IS ORDERED** that the Motion to Join the Lawsuit (rec. doc. 13) be **DENIED**.

THUS DONE AND SIGNED in Chambers this 8th day of September, 2021.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**