UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILLIAM GLENN DICKINSON, JR.**     **DOCKET NO. 6:21-cv-1941**
                                                                  **SECTION P**

**VERSUS**                                       **JUDGE ROBERT R. SUMMERHAYS**

**ACADIA PARISH JAIL, ET AL**        **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff William Glenn Dickinson, Jr., who is proceeding pro se and in forma pauperis in this matter. At the time of filing, Dickinson was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at River Bend Detention Center. The events giving rise to his claims occurred at the Acadia Parish Jail in Crowley, Louisiana.

### I.     Procedural Background

Plaintiff filed the instant civil rights complaint on July 7, 2021. Doc. 4. However, in the section of the complaint that asks plaintiff to state the FACTS of his case, specifically the "involvement and action of each named defendant," the "names of all person involved in the incident(s) or condition(s) giving rise to this lawsuit" and the "dates upon which and the places where the incident(s) and/or condition(s) occurred," plaintiff only lists grievances filed at the Acadia Parish Jail. Doc. 4, p. 3, ¶ IV. Attached to the complaint are what appear to be copies of grievances and responses from prison officials. Rec. Doc.

4-1.  On July 30, 2021, plaintiff filed an Amended Complaint, containing what seem to be new allegations.

## II. Law and Analysis

### A. *Frivolity Review*

Dickinson has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. **Section 1983**

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the

defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

As far as the Court can determine, plaintiff has named the following as defendants in his suit: (1) Acadia Parish Jail; (2) Laura Breaux Benoit; (3) Kelly Gibson; (4) Nurse Lisa; (5) Jody Thibeau; and (6) K P Gibson. However, he fails to allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants could fairly appreciate the claim made against them. <u>Plaintiff should amend his complaint to provide the information required by Rule 8. Specifically, he should list and particularly describe in detail the alleged violations by each defendant and the injuries he sustained as a result</u>.

### D. *Supervisory officials*

Dickinson names as defendants individuals who appear to have supervisory roles, including Warden Laura Breaux Benoit, Assistant Warden Jody Thibeau, Acadia Parish Sheriff K P Gibson and Acadia Parish Chief Kelly Gibson. Vicarious liability does not apply in a Section 1983 suit, and so "the plaintiff . . . must plead that each Government-official defendant, through his own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Dickinson must plead adequate facts to support a finding of deliberate indifference for each of these defendants or dismiss his claims against them.

### E. *Improper Party*

Plaintiff sued the Acadia Parish Jail. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Acadia Parish Jail has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must

qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The Acadia Parish Jail is not a juridical person and therefore, plaintiff should amend his complaint to dismiss this defendant.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 4th day of January, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE