**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **WILLIAM GLENN DICKINSON, JR.** | **DOCKET NO. 6:21-cv-1941**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ACADIA PARISH JAIL, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**ORDER**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff William Glenn Dickinson, who is proceeding pro se and in forma pauperis in this matter. Dickinson is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana, but the events giving rise to his claims occurred Acadia Parish Jail in Crowley, Louisiana.

After reviewing the Dickinson's complaint, we determine that he has satisfied this court's standards for initial review. Therefore, in order for the court to determine an appropriate resolution to Dickinson's claims,

**THE CLERK IS DIRECTED** to serve a copy of this memorandum order, two (2) summons forms for each remaining named Defendant and one (1) USM-285 form for each Defendant, upon Plaintiff at his last known address who must then furnish to the

**Clerk of Court, 800 Lafayette Street, Lafayette, Louisiana 70501**

within thirty (30) days after service of this order, one (1) copy of the complaint [doc. 4] and two (2) completed summonses and one (1) completed USM-285 form for each Defendant for service, and that after the foregoing documents have been furnished as aforesaid;

**THE CLERK FURTHER IS DIRECTED** to serve, through the U.S. Marshal, a copy of the complaint and amended complaint, the appropriate summons, and a copy of this memorandum order on each Defendant.

**IT IS ORDERED** that Defendants file a response within twenty-one (21) days after the date of service. Defendants shall address whether plaintiff should be required to exhaust administrative remedies, and, if so, whether he has exhausted his administrative remedies prior to filing herein. If Defendants contend that plaintiff failed to exhaust administrative remedies, they are authorized to raise this issue via summary judgment motion as a threshold matter. *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Alternatively, if disputed facts preclude Defendants from filing a summary judgment, Defendants may file a motion for an evidentiary hearing to resolve the exhaustion issue before the case proceeds to the merits.

**IT IS FURTHER ORDERED** that the following deadlines be established:

1. Within twenty-one (21) days of Defendants' first appearance (filing of an answer or motion), or within thirty (30) days after service of the summons and complaint if Defendant(s) have made no appearance, Defendants or their counsel shall provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their

possession. See Fed.R.Civ.P. 26(a)(1). Defendants or their counsel shall contemporaneously file a copy of these documents under seal with the court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met. If plaintiff is not in receipt of these documents within the prescribed time period, plaintiff may file with the court a motion to compel such responses from Defendant(s). Any such motion must contain a motion and memorandum in support thereof and a proposed order, separately captioned and with a certificate of service stating that a copy has been sent to Defendant(s) by mailing same, via United States mail, to Defendants' counsel.

2. Within ninety (90) days of Defendant's first appearance (filing of an answer or motion), the parties shall complete all discovery. The discovery deadline shall be suspended during the pendency of a motion for summary judgment or evidentiary hearing on the issue of exhaustion.

3. In addition to the mandatory discovery addressed in subsection (1) above, the parties may serve upon one another additional written discovery requests; however, such additional discovery shall be limited to ten (10) interrogatories, five (5) requests for production of documents, and ten (10) requests for admissions. See Fed.R.Civ.P. 33, 34, & 36.

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the court orders that all discovery requests and responses shall be filed into the record (by sending a copy of same to the Clerk of Court) in addition to being sent simultaneously to the opposing party

by placing a copy of same in the United States mail addressed to that party or, where represented, to that party's counsel.

Note: Do not file "motions for discovery," as a motion is not the correct way to obtain discovery. Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response.

In the event that any party believes that it needs additional discovery beyond that allowed by this order, that party shall file a motion with the court requesting such additional discovery. The motion must contain a memorandum in support of the motion, a copy of the additional discovery requested, and a proposed order, all separately captioned and with a certificate of service stating that a copy of same has been sent to the opposing side (either to plaintiff or to Defendants/Defendants' counsel) by mailing same, via United States mail, to plaintiff or to Defendants/Defendants' counsel, depending upon who filed the motion.

Any motions to compel must comply with the requirements set out above for motions and must be filed prior to the end of the discovery period.

4. Within one hundred and twenty (120) days of Defendants' first appearance, each party shall file one of the following:

    a. Motion for Summary Judgment as provided by Rule 56 of the Federal Rules of Civil Procedure, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief; or alternatively,

b. Statement of Issues which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity for an evidentiary hearing.

Any party's failure to comply with this order may result in the imposition of sanctions against that party.

THUS DONE in Chambers on this 2nd day of May, 2022.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**