UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM GLENN DICKINSON, JR.** | **DOCKET NO. 21-cv-1941** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ACADIA PARISH JAIL, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss (doc. 35) filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendant Lisa Bertrand ("Defendant"). This motion comes in response to a *pro se* civil rights complaint filed by William Glenn Dickinson, Jr. ("Plaintiff"), pursuant to 28 U.S.C. § 1983. Plaintiff filed an opposition to the Defendant's motion (doc. 41), and Defendant filed a reply to the opposition (doc. 48). The Defendant's motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

### I. Background

Plaintiff sued numerous defendants raising varied allegations related to his incarceration at the Acadia Parish Jail ("APJ"). His allegations against LPN Lisa Bertrand in connection with the medical treatment at APJ are that during Covid-19, inmates were not tested for the virus, quarantined properly, or given proper medical care. Rec. Doc. 4-1, p. 10. He also contends that on one occasion, he complained that he could not breathe and was only prescribed Mucinex and never seen by a doctor. *Id*. at p. 11. Plaintiff asserts these actions were in violation of La. Admin. Code. Title 22, Part III, 2909. *Id*. at p. 10.

## II. Legal and Analysis

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

### B. Analysis

    i. **Plaintiff's allegations are insufficient to state a claim under 28 U.S.C. § 1983**.

In her Motion to Dismiss, Defendant argues that even if taken as true, Plaintiff's allegations against her fail to rise to deliberate indifference and, therefore, fail to state a valid claim under 28 U.S.C. § 1983. The Court agrees.

First Plaintiff's allegations regarding Covid-19 are insufficient as courts in this Circuit have held "the decision of when to test for Covid and how frequently to test for Covid is a matter of medical judgment and does not suffice to state a claim for deliberate indifference." *Hennington v.*

*Lumpkin*, 2021 WL 5710105, at *8 (E.D. Tex. Nov. 1, 2021), *report and recommendation adopted*, 2021 WL 5630621 (E.D. Tex. Dec. 1, 2021) (*citing Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020); *see Gros v. Lafourche Par.*, 2022 WL 509357, at *6-7 (E.D. La. Jan. 12, 2022), report and recommendation adopted, 2022 WL 503770 (E.D. La. Feb. 18, 2022). One court specifically determined that allegations similar to Plaintiff's were insufficient to state a valid claim for deliberately indifferent medical care because the complaint was "not that he was denied care for his actual symptoms, but instead, that he was not tested for COVID-19." *Gros*, 2022 WL 509357, at *6-7. Courts in this Circuit have further held that the "inmate's claims of negligent care or his mere disagreement with the speed, quality, or extent of medical treatment received, however, does not give rise to a § 1983 claim." *Id*. (citing *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999)).

In his Complaint, Plaintiff contends that inmates were not tested for the virus, quarantined properly, or given proper medical care. Rec. Doc. 4-1, p. 10. He contends that, despite the fact that he complained that he could not breathe, he was only prescribed Mucinex. *Id*. at p. 11. However, as noted above, "the decision of when to test for COVID and how frequently to test for COVID is a matter of medical judgment and does not suffice to state a claim for deliberate indifference and Plaintiff's "disagreement with the course of treatment he received for his symptoms … do not amount to deliberate indifference or state a constitutional violation in this case." *Gros*, 2022 WL 509357, at *7. The Court agrees with Defendant's assertion that Plaintiff's mere disagreement with the type of treatment he received is not an adequate basis for providing a § 1983 claim against her.

Second, Plaintiff's contentions regarding the alleged violations of La Admin. Code Title 22, Part III §2909 are also insufficient to state a claim. The Fifth Circuit has noted that "[a]lthough

state standards may sometimes serve as a useful guide in a federal court's determination and redress of constitutional deprivations, a violation of state law, without more, will not justify federal judicial intervention. Therefore, the court properly dismissed this claim as frivolous*."* *Tweedy v. Boggs*, 1993 WL 4507, at *1 n.1 (5th Cir. Jan. 5, 1993); (quoting *Smith v. Sullivan*, 611 F.2d 1039, 1045 (5th Cir.1980) (internal quotations omitted). Courts in this Circuit have likewise held whether a defendant "was in compliance with the provisions of the Louisiana Administrative Code is an issue this Court need not and does not reach. To be entitled to relief under § 1983, a plaintiff must be able to show that there was a violation of federal law, and it is clear that a violation of a state administrative code is not, in and of itself, a basis for federal relief." *Allen v. St. Tammany Par.,* 2018 WL 558503, at *3 (E.D. La. Jan. 2, 2018), report and recommendation adopted, 2018 WL 537495 (E.D. La. Jan. 24, 2018) (citing *Tweedy v. Boggs,* 1993 WL 4507, at *1 n.1 (5th Cir. Jan. 5, 1993); *Mathews v. Bowie County, Texas*, 2013 WL 5142381, at *13 (E.D. Tex. Sept. 13, 2013). Accordingly, Plaintiff's allegation of the violation of the Administrative Code is insufficient to state a § 1983 claim against Defendant Bertrand given "it is clear that a violation of a state administrative code is not, in and of itself, a basis for federal relief." *Allen*, 2018 WL 558503, at *3.

### ii. Plaintiff's allegations are rebutted by his medical records.

The Defendant also argues that Plaintiff's allegations are rebutted by his medical records. Lack of proper inmate medical care rises to the level of a constitutional deprivation only if there are factual contentions that show a prison officials showed "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Importantly, "[m]edical records of sick calls, examinations, diagnoses and medications may rebut an inmate's allegations of deliberate indifference." *Gobert*, 463 F.3d at

347, n.24.  In support of her position in the instant motion, Defendant relies on Plaintiff's medical records, which rebut his allegations of deliberate indifference.  Rec. Doc. 35-2, *in globo.*

In order to prove deliberate indifference "[t]he plaintiff must prove facts sufficient to show at a minimum, that the prison officials realized there was imminent danger and have refused—consciously refused, knowingly refused—to do anything about it." *Fox v. Seals*, 2020 WL 838078, at *5 (E.D. La. Jan. 16, 2020), report and recommendation adopted, 2020 WL 836501 (E.D. La. Feb. 20, 2020).  Particularly important here, this Court has noted that "[i]t has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs," and that when an inmate was seen by a nurse who ordered him sinus medication, this "demonstrate[d] that Defendants were attentive to the medical needs of Plaintiff."  *Manning v. Nunnery*, 2015 WL 3948231, at *6 (W.D. La. June 26, 2015).

While Plaintiff contends that he "sent [a] medical request about [how he] could not hardly breath[sic]," (rec. doc. 4-1, p. 11), his medical records show he submitted a medical request on 03/10/21 for "breathing treatment," wherein he complained that he was "having problems with [his] breathing."  Rec. Doc. 35-2, p. 17.  Plaintiff's medical records also establish that Defendant replied to this medical request the very next day, assessing Plaintiff on the tier and requesting that Plaintiff identify the pharmacy at which he was filling his breathing treatments.  Defendant further noted that Plaintiff never reported that he underwent any breathing treatments and there were no breathing treatment mentioned in his chart.  *Id.*  Moreover, while Plaintiff contends inmates are simply prescribed Mucinex by a nurse without supervision of a physician (rec. doc. 4-1, p. 10), the medical records show that immediately upon the 03/10/21 medical request, Plaintiff was prescribed sinus medication by Dr. Nowlin.  Rec. Doc. 35-2, p. 17.

Despite Plaintiff's dissatisfaction with the medical care provided to him—which is not an adequate basis for a § 1983 claim—Defendant Bertrand argues that her actions, confirmed in the medical records, rebut any claim of deliberate indifference to Plaintiff's serious medical needs. The Court agrees with the Defendant's contention that the records fail to show that Plaintiff was in imminent danger and that Defendant Bertrand consciously and knowingly refused to do anything about it. *See Fox*, 2020 WL 838078, at *5. Rather, the records demonstrate that Defendant responded to Plaintiff's medical request by not only examining him, but also by attempting to confirm any breathing treatments he may have been prescribed prior to his incarceration. Rec. Doc. 35-2, p. 17. Further, the records demonstrate that upon Defendant's examination of Plaintiff, Plaintiff was prescribed medication by Dr. Nowlin. *Id.* at p. 1. This "demonstrates that [LPN Bertrand was] attentive to the medical needs of Plaintiff." *Manning, supra.*

### C. Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss filed by Defendant Lisa Bertrand (doc. 35) be **GRANTED** and all claims against her be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 31st day of October, 2022.

_____
**CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE**