UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILLIAM GLENN DICKINSON, JR.**     **DOCKET NO. 6:21-cv-1941**
                                                                **SECTION P**

**VERSUS**                                                    **JUDGE ROBERT R. SUMMERHAYS**

**ACADIA PARISH JAIL, ET AL**     **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Before the court is the original and amended civil rights complaints (rec. docs. 1, 4, 8, 19, 24) filed pursuant to 42 U.S.C. § 1983 by plaintiff William Glenn Dickinson, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter.

### I.     Background

On December 7, 2022, defendant Jody Thibeaux filed a motion for summary judgment, which is addressed in a separate report and recommendation. At the time of the filing of this motion, two (2) other defendants remain parties in the lawsuit: Assistant Warden Dartez and Laura Breaux Benoit.

Plaintiff was provided with summons forms to be completed for each named defendant and returned to the Court for service. *See* rec. doc. 27. Plaintiff did not complete service documents for Assistant Warden Dartez and, therefore, he has not been served.

On May 26, 2022, a summons was issued as to Laura Breaux Benoit. Rec. Doc. 28. On July 26, 2022, the summons was returned unexecuted, with the notation, "Laura Benoit

is retired. No none (sic) address left." Rec. Doc. 32. Plaintiff has not taken any further steps to effectuate service upon Ms. Benoit.

## II.     Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

Plaintiff's failure to move forward prosecution of his case against Dartez or Benoit warrants dismissal of claims against them.

## III.     Conclusion

Accordingly,

**IT IS RECOMMENDED** that all claims against defendants Dartez and Benoit be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of April, 2023.

_____
**Carol B. Whitehurst
United States Magistrate Judge**